Seated, clerk will call the next case. 315-0571, Chico, Nevada, Illinois. Address by Don Duffy, Princeton, San Antonio County. Settled by Stephen Varro. Mr. Varro, you may proceed. Good morning, Your Honors, Counsel. I am Steve Varro with the Aussie State Collective Funders, 3rd District, for Defendant Appellant Antonio Thomas. May it please the Court. As you recall, Justice Smith and Justice O'Brien, if you were on the panel previously, in the original appeal, and this Court remanded the case for affirmed Mr. Thomas' conviction and remanded the case for resentencing based on Judge Corey's comments that if you're man enough to pull the trigger, you're going to be man enough to do life in prison, which this Court found, along with some other cases that he had decided, showed that he was applying an improper policy with regard to sentencing gun offenders. This is back now, after the resentencing occurred, the sentence stands, and the facts of this case are important, so I'd like to go ahead and hit on that. I've argued for two legal issues that I think can tell the defense of sentencing relief here. One is that Judge Corey failed to compile the mandate on remand, and the second is that the sentence was excessive. In this case, it was a gun murder. All gun murders, of course, are horrible and tragic situations. Isn't that different than knife murders? According to the legislature, apparently, but you may make a good point there. But here, looking at gun murders, the legislature has provided a range of 45 years to life, and this Court has seen many gun murders. I think it's clear from looking at the nature of what occurred in this case, this is certainly not among the worst of those cases. What happened here was we have a 22-year-old, intellectually disabled man, who is my client, who engaged in an unpremeditated act when a 450-pound man was attacking his friend. He acted impulsively in grabbing a gun and shooting the 450-pound man who was attacking his friend after his friend cried out for help. It's actually hard to imagine a case that's less deserving of a minimum sentence than this case. Thinking of all the gun murders that this Court has seen, the worst of them certainly don't involve a situation like this. You have all kinds of situations where people are planning in advance to commit certain crimes and murder someone to prevent them from being a witness. You have organized crime murders where it can be very vicious, building, torturing people and shooting them to death. This is just not that. The sentence in this case was completely inappropriate for the circumstances of what occurred in this case. Just to briefly go over what occurred again a little bit here. What happened is the defendant was a passenger in a vehicle driven by Brown. They pulled up to a gas station. They got out. Brown engaged in a conversation with two people he saw that he knew, Johnson, who was the victim in this case, and Tiffany Smith, their girlfriend and boyfriend. They had this conversation. It turned into an argument. Johnson, the victim, and Brown, the defendant's friend, were arguing. Johnson started at one point to walk towards the store of the gas station area while Brown remained at the pumps area. At that point, Brown yelled out some profanity towards Johnson. Johnson could have ignored that, I guess, but instead, as the surveillance video shows, he took off his coat, threw it down, chased after Brown. According to Johnson's girlfriend's testimony, Brown started to run away. The victim ran after him, caught him, was hitting him and hitting him repeatedly. Smith, the girlfriend, urged Johnson to stop. A witness feared that somebody was going to get, quote, the hell knocked out of them. The manager at the gas station was about to call 9-1-1 because of what she was seeing. As Judge Corey himself found, Johnson, who was 450 pounds, was getting the best of Brown, who was much smaller than him. Brown, at some point, yelled out, get him off me. And that's when Antonio Thomas, and Justice Wright would have found that Antonio Thomas was not actually the shooter in this case, but obviously, at this point, the conviction has been affirmed, so we can't argue against that on this appeal. But at this point, we're assuming that it was the defendant who got out and shot a single shot, which unfortunately killed Brown. The testimony of the state's expert was that Johnson was bent over and turned slightly to the right at the time, and the state argued in closing argument that it was consistent with him continuing his attack on Brown at the actual time that he was hit by the bullet. So these facts are very important to both arguments, in fact, because with respect to the mandate, I've asked that upon remand, a different judge be assigned to the case. And part of it is that there are a number of reasons for that based on the judge's comments at the resentencing hearing and at the motion to reconsider upon resentencing. But the fact that the sentence is completely out of line with what occurred sort of goes along with that. But let me put that off for just a second and discuss the mandate issue. So what happens here is in the original case, this court stated that a 60-year term would not have been an abuse of discretion in dicta. But this court went on to say that it was an abuse of discretion to impose a natural life sentence for the gun enhancement. So based on finding that abuse of discretion, this court vacated the entire sentence and ordered a new sentencing hearing upon remand. This court didn't say that any portion of the sentence was affirmed. It just said the sentence is vacated. And there really is only a single sentence here, to be clear. The firearm enhancement portion, the statute that deals with that, says that the firearm enhancement is a number of years that, quote, shall be added to a term for a qualifying offense in which a gun was used. So it's part of the same single sentence, which this court vacated. Now, when it went back down, Judge Corey incorrectly believed that the 60-year portion of the sentence had been affirmed and that he was just doing resentencing on the natural life firearm enhancement. So because of that, he didn't exercise any discretion on the 60 years, didn't hold a sentencing hearing on the 60 years. The sentencing hearing was just on the firearm enhancement, and he essentially did not reimpose a sentence that was vacated by this court. For this reason, there was a lack of compliance with the mandate, and the case needs to be remanded. In this case, it should be remanded before this court to use its discretion to remand before a circuit judge other than Judge Corey. And considering my argument on this point, I think it's important to just read the transcripts that I've attached to my brief and look at it as a whole. I attached the transcripts of Judge Corey's comments at the sentencing hearing and the motion to reconsider. And he makes a number of very defensive comments, and really, he seems to be taking this court's opinion personally. And I can mention certain comments, which I'll go ahead and do that, but I think you have to look at the whole to sort of get the whole picture. But some of the things that he mentioned were that he struggled greatly in following this court's opinion. He said it caused him a great deal of concern and unease. He criticized this court in a number of different ways by saying that it was wrong on several points. He said that its opinions were overly harsh in tone and mentioned a case which he said involved another judge. He didn't say what case it was. He wasn't very clear on what case that was. I think I know. Justice Smith, would you care to share? I think I know. Okay. So, yeah, it's just, it seems that he was taking this court's opinion personally, and I've studied some case law. I think his comments, in addition to the fact that we have a sentence here, it's just not appropriate at all for what happened in this case. Looking at those things together, you know, I think it caused him to doubt his ability to be impartial in sentencing in this case. And also, I've studied some case law that where a judge involved in a crankle situation where a judge had twice rejected a crankle issue and the court remanded a second time, they assigned it to another judge, basically because the judge had sort of pre-judged the claim and failed to exercise discretion twice. And that's what occurred here, too. Judge Corder failed to exercise discretion appropriately in either of the two sentencing hearings that occurred in this case. Now, for my excessive sentence issue, issue two, the nature of the offense is really crucial to that. I mentioned a number of other factors in there that we need to go into great detail. That's in my brief. About his intellectual disability, being a young 22-year-old man, no violent criminal history, troubled background. Mom was a crack addict. Parents' parental rights were terminated at a young age because he was persistently neglected. But one thing that also bears mentioning on this argument that's also relevant maybe to the fact that a new judge should be ordered on remand is the judge's reasoning in sentencing. He made some mistakes that are important and could be a basis, maybe a loan for signing it back for resentencing or just reducing the sentence. And that includes the fact that Judge Corder was insisting that Brown was the one who instigated this fight to the point of saying that this court stated the facts wrong. And it's true that Brown could be taken as maybe verbally instigating a verbal conflict here, but this court didn't say anything that contradicted the fact that Brown had started the verbal argument. So what Judge Corder seemed to be taking issue with was that thinking that this court presented the facts incorrectly by suggesting that Johnson played some sort of role in escalating this to a physical altercation. And there's just overwhelming evidence that he did that. There's surveillance video that shows him taking off his coat, throwing it down, and running after Brown in this case. What did Brown say to him? That is Corder in my brief. It was something about H.S. Enward or something like that. I believe all the people involved in this case were African-American. My client was as well. But that was the language that I believe he used. So Judge Corder misstated the facts there, I think, and wrongly criticized how this court stated the facts in its opinion. And he seemed to be sort of trying to suggest that, again, that Johnson was just innocently trying to leave his family when Johnson actually sort of escalated this to a physical fight in the presence of his family. Judge Corder also suggested that Thomas should have just jumped in the fight or something like that instead of doing the shooting. And we'll find that's inherent in a gun murder, that a shooting has occurred. So it's a point taken on that. But his comment does suggest that Thomas was justified intervening in some sense. And it kind of seems to be overlooking the fact, maybe, that Johnson was a very large man, 450 pounds. Intervening, trying to intervene by getting involved in the fight could be futile, might not prevent any great bodily harm to Brown, might result in great bodily harm to whoever intervenes. And given the nature of what occurred here, I mean, there are certainly substantial grounds tending to excuse or justify the criminal conduct. Again, it's a situation that I've argued second-degree murder would have been appropriate for this case. The state didn't really make an argument against that in its brief. And even defensive of others, one can imagine somebody being acquitted in this situation for a defensive of others situation. We're talking about this big size differential. And another point that I would make is Justice Corey said that justice in this case demands a life sentence more than any other case he's ever been involved in. 25 murder cases, 13 years on the bench. That's just very hard to believe for me. It's very hard to believe that justice demands a life sentence in this case more than any other case. This case seems to demand a 45-year minimum more than any other case. So for all those reasons, this court should find that Judge Corey failed to comply with the mandate and remand for re-sentencing, or on the alternative, find that the sentence was an abuse of discretion and either remand for re-sentencing or reduce the sentence to the statutory minimum of 45 years. And if this court has any questions, I'd be happy to answer them at this time. Thank you, Mr. Barrow. Ms. Duffy? Good afternoon, Your Honors. Counsel, I'd first point out on the issue of the mandate, what counsel calls dicta, Justice O'Brien, is in your opinion, you authored this opinion, and it specifically says, we find the trial court did not abuse its discretion in sentencing Thomas to a 60-year term. That's the term he got for the murder. And it's pretty well-established law that if you don't find an abuse of discretion, you have to affirm the sentence, because the only way this court can remand or vacate a sentence is if you find that the trial judge's discretion was abused. You did not find that. You did in the very next sentence, however, find that the court did abuse its discretion in sentencing him to a term of natural life as an enhancement for a firearm. And you remanded this case for re-sentencing. Now, I think the judge was correct when he determined that what this court's mandate was, that he was going to have another sentencing hearing, and he was going to rethink the natural life sentence for the enhancement. They are not part and parcel of the same sentence. There's a 60-year term, and there's an enhancement anywhere between 25 years and natural life, and that is within the discretion of the trial court judge based upon the facts and circumstances of the case. Nobody knows the facts and circumstances of this case any better than Judge Corey did. It was a bench trial. He heard all the evidence. He heard all the evidence presented at the first sentencing hearing and the evidence at the second sentencing hearing. Where, I might add, the defendant did not present any evidence. He didn't make any new arguments. There was no new evidence. And the trial judge determined, after reading the pre-sentence report, hearing everything the state said, everything he could get his hands on, he went through those things which the defendant says were not considered. He went through the defendant's age. He went through the defendant's mental capacity. He talked about his rehabilitative character. Finding, of course, that it was very slight, that there was not much hope that this defendant would be rehabilitated. And then he talked about the evidence as he heard it, something that he'll never forget. Now, this sentencing was in the hands of Judge Corey. It was up to him to determine what he felt was an appropriate sentence within that sentence range of 25 years to life imprisonment. It is not up to me. It is not up to any judge on this court. It is certainly not up to defense counsel to decide that. It is up to Judge Corey. And I think he felt, after remand, that he was misinterpreted, that when he said, if you can't do life imprisonment, you shouldn't use a gun to kill people, that was interpreted as a policy because he'd said it more than once, as the defender's offices pointed out on every occasion possible. But he explained that that was an expression that he felt that giving out sentences, whatever they are, and they weren't all life imprisonment, was a deterrence to others not to commit life crimes. I rather viewed it, of course I'm old enough to remember, as a phrase from Beretta, where Beretta, if you can't do the time, don't do the crime. That's the way I interpreted it, what he said. Not that he had a blanket policy, and he did indeed come out and say, no, that is not my policy. And from the time he received this court's opinion in this case, he says, he struggled greatly with balancing his obligation to follow this court's opinion with what I saw and heard in this case, in this courtroom, from two feet away from this witness box. He also stated that he seriously considered giving this defendant at the minimum of 25 years as an add-on, something towards the low end, just to symbolize acknowledgment of a decision that was handed down with the end result being, in practical terms, a life sentence no matter what number I give him. So it's somewhere between 85 and life. I've concluded, however, that justice in this case should not be compromised in that manner. Mr. Thomas should receive a life sentence as authorized by statute. I make this decision with respect, acknowledgement, and in conformity with the requirements of the opinion issued by the appellate court in this case. He is quite respectful. I think he took this to heart. And, yes, I think he probably viewed it as somewhat of he did take it personally. He doesn't want you to think that's the type of circuit court judge he is because he's not. And I think he explained himself quite adequately on why this defendant was given a life term. Now, the only people that can tell us exactly what this court meant when they said we find the trial court to not abuse its discretion in sentencing this defendant to a 60-year term is you. I took that to mean that sentence is affirmed. We're remanding this case for another sentencing hearing on a sentencing enhancement. Because if you didn't mean that, then you should not have said it And the law says that the only way you can disturb the sentence is by finding an abuse of discretion, then you could not have vacated this sentence unless that's what you meant. Unless you have any other questions, we'd ask that this sentence be affirmed. Thank you, Ms. Murphy. Mr. Barrow? Just a couple of points I would like to make. I think I addressed a number of the State's arguments already in terms of it being a single sentence. I think the statutory language clears that out by saying it's a number of years, it shall be added to the term. It's a single sentence. This Court found an abuse of discretion, so it vacated the sentence. If that's not what it had done, then its order wouldn't have said that the sentence was vacated. It would have specified that just the firearm enhancement is vacated. Again, it says nowhere in there that any part of the sentence was affirmed, and that's important as well. So in that context, the abuse of discretion language, saying that 60 years was not an abuse of discretion, appears to be dicta and not necessarily vital to the opinion which found an abuse of discretion in the sentence and vacated the sentence. As to if it was mentioned about Judge Corey talking about how he was hearing the testimony from this witness two feet away, and he said that this witness was important in his sentencing decision, and that was Smith, the girlfriend of the victim, Johnson. But it's kind of strange that he mentioned that as being the moving testimony that influenced him at the resentencing hearing, but he didn't say anything about that at the original sentencing hearing. At the original sentencing hearing, he just mentioned a victim impact statement, which wasn't given by her. It was given by the sister of the victim in this case. So he said that he was moved by that originally, and then he kind of just started talking about Smith's testimony. And it's sort of strange. The defense counsel wrote in his motion to reconsider that he didn't find anything particularly novel about Smith's testimony. Smith was the one who actually testified that Johnson attacked her. Ran after him, threw on his coat, ran after him, and started beating him up. I mean, that was most of her testimony. She didn't testify at sentencing. She didn't put in a victim impact statement. She did mention that she was there when her boyfriend, after he was shot, and he died when he was dying. But she gave very little testimony in terms of victim impact. So to say that he also said that she was the most moving testimony he'd ever heard of any witness in any case, too. And it just doesn't sound consistent with the facts of this case. And the fact that he's heard 25 other murder cases where he certainly had victim impact statements, I'd imagine, from people who talk about impact. So that also seemed to be something that was a little bit off. And so looking at everything as a whole here, Judge Corey's comments, the state conceded that he was taking it personally. And that's just not appropriate for a trial judge to do. And it really is questionable as to whether someone who's going to take an applied court opinion personally, in the way that Judge Corey did here, should get the case back on remand to consider it again. Especially when he's sort of digging his heels in on a sentence that is just simply an abuse of discretion, flat out, because it's so over and above what's appropriate for the situation. Unless there are any additional questions. That's the end. Thank you, Mr. Barrow. Thank you, Your Honor. Thank you both for your arguments for today. This matter will be taken under advisement. A written decision will be issued as soon as possible. And right now we stand in recess until 1.15.